**In re MAROPA MARINE SALES SERVICE & STORAGE, INC., Coastal Marketing Center, Inc., Debtors.**

**Bankruptcy Nos. 87–03519–BKC–TCB, 88–02699–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Oct. 12, 1988.

Miller Bass & Chernoff, Edward R. Miller, Naples, Fla., for debtor Maropa.

Amato, Anderson & Nickel, Louis X. Amato, Naples, Fla., for Coastal.

Alan L. Levine, Naples, Fla., trustee.

Sobo & Levine, Lauderdale, Fla., for trustee.

### ORDER DENYING TRUSTEE'S MOTION TO EMPLOY AUCTIONEER

THOMAS C. BRITTON, Chief Judge.

In each of these cases, the same trustee has requested authorization to employ the same auctioneer to sell each debtor's assets. The two applications were heard on October 11.

The assets in *Maropa* are marine equipment and in *Coastal* are silk flowers. In each instance, all of the assets are subject to the undisputed lien of an undersecured creditor. The trustee reports that each creditor supports his proposal. If so, the trustee should abandon this property to those creditors enabling them to liquidate their collateral as they please without the double charge of both an auctioneer and a bankruptcy trustee. The trustee should not withhold his discretion to abandon these incumbered assets merely to enhance his fee or in the hope that by doing so he will make a profit (over and above his own compensation) from the administration of the secured property under the provisions of 11 U.S.C. § 506(c). In either instance, the trustee would be abusing his fiduciary authority.

In each instance, this auctioneer proposes a charge to all purchasers of "a buyer's premium" of ten percent of the buyer's bid. A "buyer's premium" is indistinguishable from a direct charge to the estate by the auctioneer for his services.

In each instance, the auctioneer also expects reimbursement of his advertising expenses and his expenses in "inventory and preparation costs" not to exceed $3,500 in Maropa and $4,250 in Coastal.

Until October 1, 1979, the Local Rules for this court adopted by the District Court imposed a maximum expense payable to auctioneers of five percent, including all necessary expenses. Since the delegation of rule-making power to this court on that day, I have adhered to the District Court's former and long-standing guideline. I consider this proposed charge, therefore, to be grossly excessive. It also, of course, grossly exceeds the maximum statutory compensation payable to a trustee for the liquidation of an estate.

Each application is denied without prejudice to an application within the District Court guidelines, if there is a sound reason not to abandon these assets.

DONE and ORDERED.